UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X     1:13-cv-0097-ILG-CLP

LLOYD KIDD

                                                  AMENDED COMPLAINT

                 Plaintiff,

                                                  JURY DEMANDED

      -against-

THE CITY OF NEW YORK, a municipal entity,
NEW YORK CITY POLICE SERGEANT EDWARD BABINGTON,
Individually and in his official capacity; and NEW YORK CITY
POLICE DETECTIVE GREGORY JEAN-BAPTISTE,
individually and in his official capacity

---------------------------------------------------------------X


## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff LLOYD KIDD seeks relief for defendants' violations under color of state law, of his rights, privileges and immunities secured by the Civil Rights Acts of 1871, 42 U.S.C. Sec. 1983, the Fourth and Fourteenth Amendments to the United States Constitution on or about May 11, 2012.

2. Defendants THE CITY OF NEW YORK, is a municipal entity, NEW YORK CITY POLICE SERGEANT EDWARD BABINGTON and NEW YORK CITY POLICE DETECTIVE GREGORY JEAN-BAPTISTE, acting individually and in their official capacities, jointly and severally, did cause plaintiff LLOYD KIDD to be subject to, *inter alia*, unlawful entry into his residence, search and seizure of property, false arrest/imprisonment and monetary and mental injury.

3. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorney fees and costs and such other and further relief as the Court deems proper.

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 28 U.S.C. sec 1331 and 1343(3) and (4) as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

5. Plaintiff's claim for declaratory relief is authorized by 28 sec. 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

## VENUE

6. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. sec. 1391(b)(2), in that this is the judicial district in which the events giving rises to the claim occurred.

## JURY DEMAND

7. Plaintiff demands trial by jury in this action on each and every one of his claims.

## PARTIES

8. Plaintiff LLOYD KIDD is a citizen of the United States and is and was at all times referred herein a resident of the City of New York, County of Kings, State of New York.

9. Defendant CITY OF NEW YORK ("the City") is a municipal entity created and authorized nude the laws of the Stare of New York. It is authorized by law to maintain a police department which acts as its agent in the areas of the law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

10. Defendant SGT. EDWARD BABINGTON is or was at all times relevant to this complaint a police Sgt. employed by the NYPD in the Anti-Crime Unit within the confines of 67th Precinct.

11. Defendant DET. GREGORY JEAN-BAPTISTE is or was at all times relevant to this complaint, a police Det. employed by the Anti-Crime Unit within the confines of the 67th Precinct.

12. Defendants EDWARD BABINGTON and DET. GREGORY JEAN-BAPTISTE (collectively, "the individual defendants") are or at all times relevant to the complaint, were, employees, agents servants, and/or officers of the City of New York and/or the NYPD.

13. At all times relevant herein, each of the individual defendants acted under color of law in the course and scope of his or her duets and functions as an agent, employee, servant and/or officers of the City and/or NYPD in engaging in the conduct described herein.

14. At all times relevant herein the individual defendants have acted for and on behalf of the City and/or the NYPD and incidental to the lawful pursuit of their duties as officers, agents, employees and/or servants of the City and/or NYPD.

15. At all times relevant herein, the individual defendants violated clearly established constitutional standards under the Fourth and Fourteenth Amendments of which a reasonable police officer and/or public official under his or her respective circumstances would have known.

## STATEMENT OF FACTS

16. The incident that gave rise to this complaint occurred on May 11, 2012 at approximately 7 a.m. inside of 332 East 28th Street, Brooklyn, New York 11226, County of Kings, City and State of New York.

17. On the morning of May 11, 2012, at approximately 7 a.m. Plaintiff, Lloyd Kidd was at his said home of 332 East 28th Street in Brooklyn, which is owned by his elderly disabled aunt, for whom he cares for. Plaintiff Kidd, while watching television, heard

a loud noise at the front door and jumped up in shock. Immediately thereafter, the front door was busted down and an enormous amount of New York City police officers wearing helmets and protective gear carrying rams with rifles drawn entered the residence.  One officer yelled " get on the ground, I will kill you mother fucker." Plaintiff Kidd immediately put his hands up and got on floor with his stomach on the floor.

18. The officers proceeded to ransack the house, while destroying and/or damaging all of Plaintiff Kidd's personal belongings and causing tremendous damage to the actual home.

19. An officer grabbed Plaintiff Kidd's hand and handcuffed him, picked him up off the floor and dragged him outside in placed him in a police van. Plaintiff Kidd was wearing shorts, tank top and house slippers. Plaintiff Kidd observed a crowd gathering outside, including a number of his neighbors.

20. Plaintiff Kidd repeatedly asked the officers "what's going on?" after which an officer, who Plaintiff Kidd later learned to be Sg.t Edward Babington stated that he received a tip that Plaintiff Kidd had a "silver revolver" which Plaintiff emphatically denied. Sgt Babington then stated, "don't lie because it will be even worse."  Plaintiff Kidd again denied having ever possessed a revolver. Plaintiff Kidd remained in the back of the police van for approximately three (3) hours handcuffed behind his back.  Plaintiff observed officers going in and out of this residence, including Sgt. Babington.

21. Plaintiff Kidd observed Sgt. Babington speaking to plain clothes officer and officers in uniform, giving instructions to said officers.  Plaintiff overheard an officer yelling at neighbors who were outside watching what was transpiring,stating "get the fuck back inside." Plaintiff Kidd recognized one neighbor, who is a retired New York City Police Officer watching what was transpiring.

22. During the  approximately three (3) hour ordeal Plaintiff Kidd was handcuffed in the back of the police van, Sgt Babington informed Plaintiff Kidd that they recovered a bag of weed under the couch and that Plaintiff Kidd would have to be issued a summons.  Plaintiff Kidd denied being in possession of marijuana and asked Sgt. Babington if he could see the alleged marijuana found, Sgt. Babington became irritated.

23. Sgt. Babington also stated that they found "suspicious powder" in the bathroom and that this powder was being taken to the precinct to be tested. Plaintiff Kidd again

denied being in possession of any drugs. The "suspicious powder" that Sg.t Babington claimed to have recovered from the bathroom was in fact baby powder.

24. Approximately three (3) hours after being placed in the police van, Sgt. Babington took Plaintiff Kidd back inside his residence, uncuffed him and sat him down. Plaintiff Kidd observed Sgt. Babington then take out what appeared to be a booklet and begin flipping through pages. Sgt. Babington stops at a page and points to the page which has Plaintiff Kidd's address written on it, but when Plaintiff Kidd attempted to read the page, Sgt. Babington snatched it away.

25. Sgt. Babington refused to show Plaintiff Kidd a search warrant.  Sgt. Babington proceeded to give Plaintiff Kidd a summons for unlawful possession of marijuana and stated, "Just go in, they may ask you to pay a fine.

26. Neither Sgt. Babington nor Det. Jean-Baptiste found marijuana inside of Plaintiff Kidd's home.  This false allegation was used to cover up Sgt Babington and Det. Jean-Baptiste's unlawful entry and search of Plaintiff Kidd's residence, as well as the seizure of property.

27. Sgt. Babington and Det. Jean-Baptiste continued to conspire to cover up their unlawful activities by writing Plaintiff Kidd a summons for unlawful possession of marijuana. In doing so, Sgt. Babington and Det. Jean-Baptiste knew that the summons would be dismissed for lack of probable cause.

28. Sgt. Babington has a modus operandi for writing or ordering the writing of falsified summons to innocent civilians in an attempt to cover up his misconduct.

29. Sgt. Babington and Det. Jean-Baptiste failed to knock on Plaintiff Kidd's door and identify themselves as police officer, before breaking down the door, despite not having obtained a "no knock" search warrant.

30. Sgt. Babington  and Det. Jean-Baptiste at no time had legitimate information from a registered confidential informant that Plaintiff Kidd was in possession of a revolver.

31. Sgt. Babington went on to inform Plaintiff Kidd that his drinking glasses were collector items worth a lot of money and if he wanted to sell them, to let him know that he would buy them from Plaintiff Kidd. Sgt Babington instructed Plaintiff Kidd to call him "Doc" and then proceeded to give Plaintiff Kidd a piece of paper with a phone number on it and stated, "this is my cell phone number".

32. After Sgt. Babington left his residence, Plaintiff Kidd observed that his safety vault had been broken open and approximately $5,000 was missing as well as a wristwatch, gold chain and two (2) portable computer hard drives.

33. Plaintiff Kidd surveyed the damage and observed damage to the ceiling on the first floor; ceiling damage on the second floor; bed; futon; computer monitor; toilet boil; clothes; two (2) televisions; television stand; boxes of books; portable radiators; computer printer; kitchen cabinet; washing machine; piano; front door; main door; two (2) couches; floor; car windshield; and air conditioning.

34. The summons appearance date was August 8, 2012, however, prior to said date, Plaintiff Kidd received a letter from the Criminal Court of the City of New York, indicating that the summons was dismissed on 7/18/12 and sealed.

35. Plaintiff Kidd received only one summons from Sgt. Babington on the date in question, alleging possession of marijuana, which Plaintiff vehemently denied.

36. As a result of Sgt. Babington and Det. Jean-Baptiste unlawful entry into Plaintiff Kidd's residence, illegal search unlawful seizure of property, falsified summons and false arrest/imprisonment Mr. Kidd has suffered and continues to suffer financial loss, property damage and emotional distress. Plaintiff Kidd filed a complaint with CCRB and IAB.

## FIRST CAUSE OF ACTION

**(Constitutional Violations -42 U.S.C. § 1983)**
**Against BABINGTON and JEAN-BAPTISTE**

37. Plaintiff re-alleges and incorporate by reference the allegations set forth in the foregoing paragraphs "1 through 36" as if fully set forth herein.

38. Defendants under color of state law, subjected plaintiff to the forgoing acts and omissions without due process of law in violation of 42 U.S.C. sec 1983 thereby

depriving plaintiff of his rights, privileges and immunities secured by the Fourth and fourteenth amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

    A.    freedom from unreasonable seizure of their persons and property;

    B.    freedom from arrest without probable cause;

    C.    freedom from false imprisonment, that being wrongful detention wit good faith, reasonable suspicion or legal justification and of which wrongful detention plaintiff was aware and to which he did not consent;

    D.    freedom from the lodging of false charges against him by police officers;

    E.    freedom from abuse of process;

    F.    freedom from deprivation of liberty without due process of law;

    G.    equal protection, privileges and immunities under the laws.

39. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CAUSE OF ACTION

**(False Arrest and False Imprisonment-42 U.S.C. § 1983)**
**Against BABINGTON and JEAN-BAPTISTE**

40. Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs "1 through 39" as if fully set forth herein.

41. Defendants BABINGTON and JEAN-BAPTISTE manufactured, or caused to be manufactured, false, unreliable and/or misleading "evidence" intending it to be used by the prosecution in determining whether to initiate criminal proceedings against plaintiff LLOYD KIDD.

42. By action described above, Defendants BABINGTON and JEAN-BAPTISTE falsely arrested and imprisoned or caused to be falsely arrested and imprisoned plaintiff

LLOYD KIDD and without reasonable or probable cause, illegally and without an arrest warrant, and without any right to do so.

43. Defendants BABINGTON and JEAN-BAPTISTE knew or should have known there was no probable cause and for which in fact there was no probable cause and thereby caused plaintiff LLOYD KIDD to be deprived of his liberty.

44. The aforementioned conduct which BABINGTON and JEAN-BAPTISTE committed, operated to deprive plaintiff LLOYD KIDD of his rights under the constitution and laws of the United States, not to be deprived of his liberty absent probable cause to believe he committed a crime in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

45. The foregoing violations of plaintiff LLOYD KIDD's rights amounted to Constitutional torts and within the scope of defendants BABINGTON and JEAN-BAPTISTE employment and authority.

46. Defendants BABINGTON and JEAN-BAPTISTE committed the foregoing violations of plaintiff LLOYD KIDD's' rights knowingly, intentionally, willfully, and/or with deliberate indifference to plaintiff LLOYD KIDD's constitutional rights or to the effect of such misconduct upon plaintiff LLOYD KIDD's constitutional rights.

47. By reason of the foregoing defendants BABINGTON and JEAN-BAPTISTE are liable to plaintiff LLOYD KIDD pursuant to 42 U.S.C. section 1983, for compensatory and for punitive damages.

**Wherefore** plaintiff demands the following relief jointly and severally against all defendants:

(a) a declaration that the defendants violated the federal civil rights of plaintiff;

(b) compensatory damages for emotional and economical injuries suffered by plaintiff by reasons of defendants' unlawful and unjustified conduct, in an amount just and reasonable and in conformity with the evidence at trial.

( c) punitive damages against the individual defendants to the extent allowable by law;

(d) attorney fees;

(e) the costs and disbursements of this action; and

(f) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
September 17, 2013

/s/

_____

Tracey A. Grant (TG2143)
26 Court Street Suite 714
Brooklyn, New York 11242
(718) 858-3000
*Attorney for Plaintiff*

MICHAEL CARDOZO
New York City Law Department
100 Church Street Room 3-178
New York, New York 10007
Tobias E. Zimmerman, Assistant Corporation Counsel Special Federal Litigation Division
*Attorneys for Defendants* CITY and Sgt. Babington