UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
LLOYD KIDD,

                Plaintiff,

- against -

CITY OF NEW YORK, ET AL.,

                Defendants.
--------------------------------------------------------x

MEMORANDUM AND ORDER

13 Civ. 0097 (ILG) (CLP)

GLASSER, Senior United States District Judge:

Plaintiff Lloyd Kidd brings this action against the City of New York ("City"); New York City Police Department ("NYPD") Lieutenant Edward Babington and retired Detective Gregory Jean-Baptiste, in their official and individual capacities, alleging claims for illegal search and seizure, false arrest, malicious prosecution, abuse of process, and deprivation of property in violation of the Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. § 1983. Before the Court is Defendants' unopposed motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the motion is GRANTED.

## BACKGROUND

The undisputed facts are as follows.[1] In early May 2012, Det. Jean-Baptiste received reports from a registered confidential informant that Plaintiff was in possession of a loaded revolver and had been observed with it on three occasions inside his residence located at 332 East 28th Street in Brooklyn. Defendants' Statement of Facts ("SOF") ¶ 4. A subsequent investigation revealed that Plaintiff had not been

---

[1] Plaintiff did not submit a statement countering Defendants' Local Rule 56.1 Statement, as required by subpart (b) of the local rule. The Court deems the facts in Defendants' 56.1 Statement supported by the record and admitted. See T.Y. v. N.Y.C. Dept. of Educ., 584 F.3d 412, 417-18 (2d Cir. 2009).

1

issued a firearm license.  Id. ¶ 5.  On May 9, 2012, this evidence was presented by Det. Jean-Baptiste to the New York Supreme Court for Kings County in an application to obtain a search warrant for Plaintiff's residence.  Id. ¶ 6.  A "no-knock" warrant was issued that same day by the court, authorizing the immediate search of the residence and Plaintiff's person for the suspected firearm.  Id. ¶ 7.

At 6:35 a.m. on May 11, 2012, Lt. Babington, Det. Jean-Baptiste, several other unidentified NYPD officers, and an Emergency Services Unit ("ESU") arrived at Plaintiff's residence to execute the warrant.  Id. ¶ 8.  The ESU first gained entry to the residence and conducted a security sweep of the premises.  Id.  Plaintiff was found alone inside and immediately placed in handcuffs.  Id.  At 6:45 a.m., the ESU deemed the premises secure, at which point Plaintiff was escorted by an unidentified officer to a police van in front of the residence, where he was detained while Lt. Babington and Det. Jean-Baptiste executed the search.  Id. ¶¶ 8-9; 10; 15; Defendants' Ex. H.  An illegal air pistol[2] was recovered by the officers from an unlocked safe in the living room.  SOF ¶¶ 11-12.  On a computer desk in the same room, a small zip-lock bag containing what appeared to be marijuana was observed by Det. Jean-Baptiste and seized.[3]  Id. ¶ 14.

The search ended at around 8:15 a.m., at which time Plaintiff was escorted back inside his house and the handcuffs were removed.  Id. ¶ 16.  Det. Jean-Baptiste then issued him summonses for the unlawful possession of marijuana and an air pistol, requiring him to appear in court on August 8, 2012.  Id. ¶ 17.  The officers departed the

---

[2] New York law prohibits the possession of "any air pistol or air rifle or similar instrument" without a license.  See N.Y. Admin. Code § 10-131(b).  A violation of this provision is punishable "by a fine of not less than $50, or by imprisonment not exceeding 30 days, or by such fine and imprisonment."  Id. § 10-131 (f).

[3] Upon returning to the Precinct, Det. Jean-Baptiste conducted a field test which confirmed the contents of the bag to be marijuana.  SOF ¶ 14.

residence at 9 a.m. Defendants' Ex. H. On June 7, 2012, Plaintiff reported to the Civilian Complaint Review Board that his furniture was damaged and cash and other valuables were stolen from his residence during the search. SOF ¶ 21. Prior to the summons date,[4] he received a letter from the Kings County District Attorney's Office notifying him that the summonses had been dismissed. Id. ¶ 19.

Plaintiff commenced this action on January 7, 2013. See Dkt. No. 1. On November 26, 2014, Defendants moved for summary judgment on all claims. Dkt No. 37. Plaintiff did not oppose the motion.[5]

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. . . . A fact is material if it might affect the outcome of the suit under the governing law." Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 720 (2d Cir. 2010) (internal quotations and citations omitted). The moving party bears the burden of establishing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the court must "construe the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Brod v. Omya, Inc., 653 F.3d 156, 164 (2d Cir. 2011) (quotation omitted). Where, as here, "the non-moving party chooses the

---

[4] Plaintiff testified that he could not recall when he received the letter from the Kings County District Attorney's Office. See Kidd Deposition Tr. at 48:11-17 (Defendants' Ex. C).

[5] Plaintiff's Opposition was due on January 2, 2015, pursuant to the amended briefing schedule endorsed by Magistrate Judge Pollak. Dkt. No. 42. He did not file an Opposition or request an extension of time to do so. See Defendants' Letter dated Jan. 30, 2015, Dkt. No. 43.

perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (internal citation omitted).

## DISCUSSION

Plaintiff asserts Section 1983 claims for illegal search and seizure, false arrest, malicious prosecution, abuse of process, and deprivation of property in violation of the Fourth and Fourteenth Amendments. The Court finds that Defendants have met their burden of demonstrating that no material dispute of fact exists for trial and summary judgment is warranted as to each claim, addressed in turn below.

### I.     Illegal Search and Seizure

Plaintiff asserts that the search and seizure of contraband from his residence and his detention in handcuffs during the search violated his Fourth Amendment rights. There is no evidence to support this claim. The undisputed record reflects that the search was executed pursuant to a valid warrant issued by a neutral magistrate, and both the air pistol and marijuana were seized lawfully by Det. Jean-Baptiste and Lt. Babington during the course of their search. In addition, Plaintiff was not seized unlawfully when officers detained him in handcuffs during the search. The Supreme Court has held that "for Fourth Amendment purposes, a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants at the premises while a proper search is conducted." Michigan v. Summers, 452 U.S. 692, 705 (1981). Furthermore, "the safety risk inherent in executing a search warrant for weapons [is] sufficient to justify the use of handcuffs" to detain

4

occupants found on the premises.  See Muehler v. Mena, 544 U.S. 93, 100 (2005).
There is no evidence that Plaintiff's detention in handcuffs exceeded the duration of the search or was otherwise unduly prolonged.  Accordingly, summary judgment is granted in favor of Defendants on Plaintiff's illegal search and seizure claim.

## II.     False Arrest, Malicious Prosecution, and Abuse of Process

It is undisputed that the officers had probable cause to issue Plaintiff summonses for the possession of contraband found inside his home, which is a complete defense to his claims for false arrest, malicious prosecution, and abuse of process.  See Savino v. City of New York, 331 F.3d 63, 68 (2d Cir. 2003); Sforza v. City of New York, No. 07 Civ. 6122, 2009 WL 857496, at *17 (S.D.N.Y. Mar. 31, 2009).  Summary judgment is therefore granted as to these claims.[6]

## III.    Deprivation of Property

Finally, there is no record evidence, other than Plaintiff's unfounded assertions, that officers damaged or removed anything other than contraband from his residence during the search.  Thus, because Plaintiff has failed to allege a single violation of a federal right, he cannot maintain an action under Section 1983, and summary judgment is granted to Defendants on all claims.

## CONCLUSION

For the foregoing reasons, Defendants' unopposed motion for summary judgment is GRANTED.  The Clerk of Court is directed to enter judgment in favor of Defendants and close this case.

SO ORDERED.

---

[6] Even if probable cause existed, the malicious prosecution and abuse of process claims would fail because Plaintiff was not prosecuted.  See Rohman v. N.Y.C. Transit Auth., 215 F.3d 208, 215 (2d Cir. 2004).

5

Dated: Brooklyn, New York
August 20, 2015

/s/
I. Leo Glasser
Senior United States District Judge